# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1760V

```
* * * * * * * * * * * * * * * * * * * * * * * * *  *
                                                    *
                                                    *
MONICA GODOY,                                       *
                                                    *
                              Petitioner,           *   Special Master Katherine E. Oler
                                                    *
v.                                                  *
                                                    *
                                                    *
SECRETARY OF HEALTH AND                             *
HUMAN SERVICES,                                     *   Filed: June 15, 2023
                                                    *
                              Respondent.           *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *  *
```

*Jessica Olins*, Maglio, Christopher & Toale, Seattle, WA, for Petitioner
*Camille Collett*, U.S. Department of Justice, Washington, DC, for Respondent

## **DECISION DISMISSING PETITION**[1]

### I.     Procedural History

On August 26, 2021, Monica Godoy ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging she suffered a left retinal tear and detachment from the flu vaccines she received on October 17, 2018 and October 9, 2019. Pet. at 1, ECF No. 1.

On October 14, 2022, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 20. More specifically, Respondent stated that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

petitioner has not presented a medical theory causally linking her flu vaccinations to her alleged injury, nor has she offered any evidence to show a logical sequence of cause and effect showing that the vaccination was the reason she developed a retinal detachment. Furthermore, petitioner has not offered any evidence demonstrating that the onset of her retinal detachment occurred in a timeframe within which vaccine causation could be ascribed. Significantly, petitioner's medical records demonstrate that her symptoms of eye floaters were present before the October 2018 vaccination. Pet. Ex. 9 at 96. In fact, none of petitioner's treating physicians causally related either of petitioner's flu vaccinations to her retinal detachments. Instead, petitioner was warned by a retina specialist to not travel or do strenuous activity after her first laser retinopexy in 2018 because of the risk of developing further tears or retina detachment. Pet. Ex. 2 at 2.

*Id.* at 9-10.

After Respondent's Rule 4(c) Report, Petitioner indicated she wished to file an expert report. Pet'r's Status Rep., ECF No. 21. Petitioner filed a motion for extension of time to file an expert report, which was granted. ECF No. 24; *see also* non-PDF Order Granting Motion for Extension of Time dated 3/13/2023.

On April 12, 2023, Petitioner filed a motion for an extension of time indicating her counsel will not file an expert report in this case and requested 30 days to update the Court on how she wished to proceed. ECF No. 25. I granted that request the next day. *See* non-PDF Order Granting Motion for Extension of Time dated 4/13/2023.

On May 12, 2023, Petitioner requested an additional 30 days to determine how she would like to proceed. ECF No. 26. I granted that request. *See* non-PDF Order Granting Motion for Extension of Time dated 5/15/2023.

Petitioner filed the instant motion to dismiss her petition on June 12, 2023, stating

An investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. Petitioner understands that a decision by the Special Master dismissing her petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program.

ECF No. 27 at 1.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not

receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.** [3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.